**HERMELIN, d. b. a. R. & H. FOOD MARKET, Appellee, v. BOARD OF LIQUOR CONTROL et, Appellants.**

Ohio Appeals, Second District, Franklin County.

No. 4893.   Decided June 3, 1953.

Leonard J. Stern, Columbus, for appellee.

C. William O'Neill, Atty. Genl., Ralph N. Mahaffey, Asst. Atty. Genl., Columbus, for appellants.

## OPINION

By THE COURT.

This is an appeal from the judgment of the Common Pleas Court reversing an order of the Board of Liquor Control, affirming an order of the Director of Liquor Control in rejecting an application for a Class C-2 permit.

The application was rejected by the Director on the ground that at the hearing conducted by the Department "the authorities in control of the Antioch Eaptist Church and Bolton Elementary School objected to the issuance" of the permit. The Department considered said objections well founded, and determined it inadvisable to issue said permit.

When the matter was heard by the Board, no representative of the school appeared, but the minister of the church did appear and objected to the issuance of the permit. He testified that: "The area is saturated with liquor outlets. We have far more liquor outlets than we have grocery stores in that area. * * * Because of the heavy concentration of that situation, there is always a nuisance group from 6:30 or 7:00 in the morning until late at night. * * * The grocery store is more of a nuisance than the regular taverns, because they are open on Sunday. The theory is they can buy by the package and carry it out, but the actual practice is, they will come out and open it in their cars, and throw the bottles on the lawns, and it is more of a nuisance than the regular taverns. * * * Women cannot come through at night. They're not safe. It is a difficult situation. * * * Our church is geographically located in that community so that our Sunday School children come from that immediate community, as well as those in the elementary school which is across the street from us, and we are concerned about the children and families of our church as well as the other churches, and they must pass through that community; a thousand from Bolton School, and two-thirds of them pass up and down from that particular area four times a day, five days a week, and that is my further objection to the issuance of this permit."

The minister further testified that he was authorized to object to the issuance of the permit by unanimous vote of his congregation.

The record shows that the church was approximately 250 feet and the school approximately 420 feet from the location of appellee's place of business, which is a food market. A Class C-2 permit is a "carry-out" permit, and does not authorize consumption on the premises. The application was for a new permit.

Sec. 6064-16 GC in part provides:

"* * * no permit shall be issued by the department under authority of this act if the business specified to be operated in the permit applied for is to be operated within a distance of five hundred feet from the boundaries of a parcel of real estate, having situated thereon a school, church, library or public playground, until written notice of the filing of said application with the department shall have been personally

served upon the authorities in control of said school, church, library or public playground and an opportunity shall have been provided said authorities for a full and complete hearing before the director of liquor control upon the subject of the advisability of the issuance of the said permit; except in the case of an application from a permit holder for a permit of the same class for the same location."

The Department complied with the provisions of this section. By the enactment of this provision the Legislature declared the public policy of the State to be more stringent in granting permits where the business is located within 500 feet of a school, etc., than when this situation does not·obtain. A complete hearing before the Director is afforded to any objector. The subject is the "advisability of the issuance of said permit." The Director of the Department exercises a broad discretion in determining the "advisability" of issuing or rejecting the application. The section applies to all permits, as no distinction is made with respect to the different classes of permits. It may be conceded that a more cogent reason could be offered for the rejection of a permit which allowed the consumption on the premises, as distinguished from a "carry-out" permit. However, this distinction lies only in the realm of proof, since the statute does not distinguish between the several classes of permits.

The Director found it to be "inadvisable" to issue the permit. The Common Pleas Court held that the order was not supported by "reliable, probative and substantial evidence" as provided in §154-73 GC. We disagree. When the evidence shows that a school and a church are located within 500 feet of the place of business specified, and the school and church authorities object to the issuance of the permit, and the supporting evidence shows that the objection is made in good faith, as here appears, there is presented "reliable, probative and substantial evidence" upon which a sound discretion may be exercised by the Director in determining the advisability of issuing the permit. On the evidence presented we cannot say that the Director abused his discretion in rejecting the application. The order rejecting the application was in accordance with law.

In **Meyer v. Dunifon, 88 Oh Ap 246,** this Court used language which has application to the particular issues presented here. On page 247, the Court said:

"The Common Pleas Court, under §154-73 GC, was empowered to review the action of the board but not to substitute its judgment for that of the board. **Farrand v. State Medical Board, 151 Oh St 222,** 85 N. E. (2d), 113. Since the Board of Liquor Control was the trier of the facts, it possessed wide discretionary powers and its ruling may be reversed if it exceeded its authority or abused its discretion. It must be conceded that the objection by the church authorities to the issuing of these permits to be used by a tavern within 500 feet of the church constituted a valid objection under §6064-16 GC."

On page 250 this Court said:

"The record discloses that the objections made by the church were substantial and therefore supported the ruling of the department. Under such circumstances the board did not abuse its discretion."

Finding error in the record prejudicial to the rights of the appellant,

the judgment of the Common Pleas Court is reversed and the action of the Board of Liquor Control is affirmed.

Judgment reversed.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.